IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,                    )
                                             )    Case No. 3:20-cv-229
            Plaintiff,                       )
                                             )
       v.                                    )
                                             )
ROBERT M. HINES, D/B/A HINES HOME            )
IMPROVEMENT, and KATHLEEN M.                 )
HINES,                                       )
                                             )
            Defendants.                      )
_____)

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and

with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C.

§ 7401, brings this civil action to reduce to judgment unpaid federal tax liabilities owed by

Robert M. Hines and Kathleen M. Hines.  For its complaint, the United States alleged as follows:

### JURISDICTION AND PARTIES

1.     The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C.

§§ 1331, 1340, and 1345.

2.     The defendant Robert M. Hines, doing business as Hines Home Improvement,

resides in Greene County, Ohio, within the jurisdiction of this Court.

3.     The defendant Kathleen M. Hines resides in Greene County, Ohio, within the

jurisdiction of the Court.

## COUNT ONE
### (Claim Against Robert M. Hines and Kathleen M. Hines to Reduce Income Tax Liabilities to Judgment)

4.      A delegate of the Secretary made joint assessments against Robert M. Hines and Kathleen M. Hines for income taxes for the periods, on the dates, and in the amounts described below.  These liabilities have balances due as of May 18, 2020, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 1651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 5/18/2020 |
|---|---|---|---|---|
| 2007 | 5/19/2008 | Tax | $16,518.00 | $10,002.32 |
| 2010 | 5/30/2011 | Tax | $13,002.00 | $19,274.10 |
| 2017 | 6/4/2018 | Tax | $40,555.00 | $46,175.81 |
| **Total**: | | | | $75,452.23 |

5.      Notice of the liabilities described in paragraph 4 was given to, and payment demanded from Robert M. Hines and Kathleen M. Hines.

6.      Despite proper notice and demand, Robert M. Hines and Kathleen M. Hines failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable to the United State in the amount of $75,452.23, plus statutory additions and interest accruing from and after May 18, 2020.

7.      Robert M. Hines and Kathleen M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period ending December 31, 2007.  The offer in compromise was pending from September 5, 2008 through November 19, 2009.

8.      Robert M. Hines and Kathleen M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period ending December 31, 2007.  The offer in compromise was pending from September 14, 2010 through April 5, 2011.

9.      Robert M. Hines and Kathleen M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period ending December 31, 2007.  The offer in compromise was pending from May 31, 2011 through November 8, 2012.

10.     Robert M. Hines and Kathleen M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period ending December 31, 2007.  The offer in compromise was pending from September 24, 2013 through March 1, 2016.

11.     Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. §§ 6502 and 6503(a)(1) because the statute of limitations was tolled pursuant to 26 U.S.C. § 6331(k) for the income tax period ending December 31, 2007.

## COUNT TWO
### (Claim Against Robert M. Hines to Reduce Unemployment Tax Liabilities to Judgment)

12.     A delegate of the Secretary of the Treasury made assessments against Robert M. Hines doing business as Hines Home Improvement for Federal Unemployment Tax Act ("FUTA") taxes (unemployment taxes) for the periods, on the dates, and in the amounts described below.  These assessments have balances due as of May 18, 2020, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 05/18/2020 |
|---|---|---|---|---|
| 12/31/2012 | 04/29/2013 | Tax | $504.00 | $1,890.75 |
| 12/31/2014 | 05/25/2015 | Tax | $882.00 | $956.87 |
| **Total** | | | | **$2,847.62** |

13.     Notice of the liabilities described in paragraph 12 was given to, and payment demanded from, Robert M. Hines.

14.     Despite proper notice and demand, Robert M. Hines failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $2,847.62, plus statutory additions and interest accruing from and after May 18, 2020.

COUNT THREE
**(Claim Against Robert M. Hines to Reduce Employment Tax Liabilities to Judgment)**

15.     A delegate of the Secretary of the Treasury made assessments against Robert M. Hines, doing business as Hines Home Improvement, for withheld income and Federal Insurance Contributions Act ("FICA") taxes, as well as the employer's portion of the FICA taxes, (collectively, employment taxes) for the periods, on the dates, and in the amounts described below.  The assessments have balances due as of May 18, 2020, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 and failure-to-deposit penalties under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments and credits as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 05/18/2020 |
|---|---|---|---|---|
| 03/31/2005 | 07/04/2005 | Tax | $21,335.81 | $15,514.93 |
| 06/30/2005 | 10/03/2005 | Tax | $22,305.87 | $27,316.18 |
| 03/31/2008 | 06/16/2008 | Tax | $22,616.51 | $29,491.76 |
| 06/30/2008 | 09/15/2008 | Tax | $21,848.19 | $45,501.68 |
| 03/31/2009 | 06/29/2009 | Tax | $16,088.01 | $23,775.50 |
| 06/30/2009 | 09/14/2009 | Tax | $13,238.79 | $9,114.53 |
| 09/30/2009 | 12/28/2009 | Tax | $10,435.33 | $12,297.07 |
| 12/31/2009 | 3/22/2010 | Tax | $6,865.58 | $12,190.81 |
| 12/31/2011 | 4/2/2012 | Tax | $11,229.79 | $4,327.73 |
| 03/31/2012 | 07/09/2012 | Tax | $11,103.93 | $3,246.32 |
| 06/30/2012 | 10/01/2012 | Tax | $8,682.43 | $16,069.71 |
| 09/30/2012 | 12/31/2012 | Tax | $10,620.23 | $19,522.26 |
| 12/31/2013 | 03/31/2014 | Tax | $11,758.68 | $555.19 |
| 03/31/2014 | 06/23/2014 | Tax | $11,416.80 | $1,421.20 |
| 03/31/2015 | 10/24/2016 | Tax | $8,525.47 | $2,680.06 |
| 09/30/2015 | 12/26/2016 | Tax | $11,237.12 | $3,490.95 |
| 12/31/2016 | 03/20/2017 | Tax | $9,505.09 | $452.42 |
| **Total** | | | | **$226,968.30** |

16.     Notice of the liabilities described in paragraph 15 was given to, and payment demanded from, Robert M. Hines.

17.     Despite proper notice and demand, Robert M. Hines failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments and credits, he remains liable to the United States in the amount of $226,968.30, plus statutory additions and interest accruing from and after May 18, 2020.

18.     Robert M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the quarterly periods ending March 31, 2005, June 30, 2005, March 31, 2008 and June 30, 2008.  The offer in compromise was pending from March 11, 2009 through November 19, 2009.

19.     Robert M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the quarterly periods ending March 31, 2005, June 30, 2005, March 31, 2008, June 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009. The offer in compromise was pending from September 14, 2010 through April 5, 2011.

20.     Robert M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the quarterly periods ending March 31, 2005, June 30, 2005, March 31, 2008, June 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009. The offer in compromise was pending from July 6, 2011 through November 8, 2012.

21.     Robert M. Hines submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period endings March 31, 2005, June 30, 2005, March 31, 2008, June 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009.  The offer in compromise was pending from September 24, 2013 through March 1, 2016.

22.     Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. §§ 6502 and 6503(a)(1) because the statute of limitations was tolled pursuant to 26 U.S.C. § 6331(k) for

the employment tax periods ending March 31, 2005, June 30, 2005, March 31, 2008, June 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.      Judgment against the defendants Robert M. Hines and Kathleen M. Hines, jointly and severally, for income tax liabilities for the periods ending December 31, 2007, December 31, 2010, and December 31, 2017, in the amount of $75,452.23, plus statutory additions and interest accruing from and after May 18, 2020, including interest pursuant to 26 U.S.C. § § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.      Judgment against the defendant Robert M. Hines, doing business as Hines Home Improvement, for unemployment tax liabilities for the periods ending December 31, 2012 and December 31, 2014, in the amount of $2,847.62, plus statutory additions and interest accruing from and after May 18, 2020, including interest pursuant to 26 U.S.C. § § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C.      Judgment against defendant Robert M. Hines, doing business as Hines Home Improvement, for employment tax liabilities for the periods ending March 31, 2005, June 30, 2005, March 31, 2008, June 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, December 31, 2011, March 30, 2012, June 30, 2012, September 30, 2012, December 31, 2013, March 31, 2014, March 31, 2015, September 30, 2015, and December 31, 2016, in the amount of $226,968.30, plus statutory additions and interest accruing from and after May 18, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and,

D.      The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

7

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
Tel:  202-616-2604
Fax:  202-514-5238
e-Mail:  Mary.a.stallings@usdoj.gov

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Robert M. Hines d/b/a Hines Home Improvement and Kathleen M. Hines |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant ____Greene____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>Mary A. Stallings, U.S. Department of Justice, Tax Division<br>P.O. Box 55, Washington, D.C. 20044; 202-616-2604 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Section 7401

Brief description of cause:
Action to reduce to judgment unpaid federal tax liabilities

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 305,268.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/12/2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary A. Stallings

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.